CATHARINE A. ABBOTT, as ADMINISTRATRIX, ETC., APPELLANT, *v.* THE JOHNSTOWN, GLOVERSVILLE AND KINGS-BORO HORSE RAILROAD COMPANY, RESPONDENT.

*Severance of action — right of the plaintiff to have separate bills of costs taxed — right to have an extra allowance against each defendant — Code of Civil Procedure,* § 3231.

APPEAL from an order of the Special Term denying a motion on behalf of the plaintiff for an additional allowance.

The action was originally brought by the administratrix of the estate of David H. Cuyler, deceased, against the above named Horse Railroad Company and one Nicholas H. Decker, the lessee of the said road, for negligence in the management of the said horse railroad, resulting in the death of Cuyler. Both defendants appeared and answered by the same attorneys. On the first trial, on motion of the defendant's attorneys, the complaint, as against the Horse Railroad Company, was dismissed on the ground that the company having leased its road to the defendant Decker, he and not the company was responsible for the negligence of the employes. A judgment was recovered against Decker, which was reversed on appeal and a new trial ordered. Immediately after such reversal the plaintiff appealed from the judgment dismissing the complaint against the Horse Railroad Company, and the General Term affirmed the judgment of the court below. After such affirmance a new trial was had against the defendant Decker and a verdict recovered for $2,937.50, and on motion the court granted an additional allowance of five per cent as against said Decker. An appeal from an order denying a motion for a new trial on the judge's minutes was affirmed by the General Term, and an appeal therefrom was taken to the Court of Appeals by Decker, which appeal is still pending and undetermined. At the same time that Decker appealed to the General Term on the last above mentioned order, plaintiff appealed to the Court of Appeals from the judgment of the General Term affirming the judgment of the Special Term dismissing the complaint. The Court of Appeals reversed the said judgment and ordered a new trial as against the railroad company, with costs to abide the event thereof.

A new trial was had on the 28th of June, 1880, and a verdict rendered in favor of the plaintiff for $2,300.

The court at General Term said : " This case does not come within section 3231 of the Code of Civil Procedure, either in language or intent. That provision was intended to prevent the severance of causes of action for the purpose of making additional bills of costs.

" In the present case the severance was by the act of the court on the motion of the defendants. Since that time the progress of the action has been severed by no fault of plaintiff, and, hence, we think there is no sound reason why the plaintiff may not have bills of costs taxed and inserted in each judgment. But we do not decide whether the plaintiff may, in the end, collect two several bills of costs or only one, or full costs in one' case and disbursements in the other. It may well happen that the recovery against Decker may be reversed and ultimately no recovery had against him. In such an event a refusal to allow costs to be inserted in the present judgment would prove unjust to the plaintiff, as he might not then recover any costs.

" The learned judge refused to grant an extra allowance solely upon the ground that no costs should be allowed to the plaintiff in the action against this defendant, because costs and extra allowance had been allowed him in the judgment against Decker now under review in the Court of Appeals. If we are right in our reasoning as to the purpose of section 3231, he was wrong in such conclusion. The plaintiff should be at liberty to include his costs in the judgment against the present defendant also. That being so it was a matter of discretion with the judge to make or refuse an extra allowance. That discretion has not been exercised, and, hence, we must reverse the order of the Special Term and remit the application to the Special Term for such decision as shall seem reasonable and proper."

*Dudley, Dennison & Dudley*, for the appellant.

*John M. Carroll*, for the respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing disbursements, and proceedings remitted to Special Term for further action.